UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROXANNE GANT, | § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 4:16-CV-00648 |
| FONDREN ORTHOPEDIC GROUP L.L.P., | § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Defendant Fondren Orthopedic Group L.L.P.'s Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Subject-Matter Jurisdiction and for Failure to State a Claim (Doc. #25), Plaintiff's Opposition to Motion to Dismiss (Doc. #32), and numerous Notices of Supplemental Authority by Plaintiff (Doc. #53) and Defendant (Docs. ## 41, 44, 46, 47, 49, 50, 52, 58, 59, 60). After considering the applicable legal authority and counsels' arguments, the Court grants Defendant's Motion to Dismiss.

### I. Background

The alleged facts are relatively simple. Plaintiff alleges that Defendant willfully violated the Fair and Accurate Credit Transaction Act ("FACTA") 15 U.S.C. §§ 1681 *et seq.* FACTA mandates that when a customer uses a credit card, the expiration date of the credit card may not be included on the receipt. 15 U.S.C. § 1681c(g). Plaintiff alleges that Defendant included the expiration date of her credit card on the receipt.

She alleges no actual damages, but is instead asking for statutory damages under the statute of between $100-$1000 per violation. FACTA allows for statutory damages in the case of a willful violation of the statute.

## II. Analysis

### A. Legal Standards

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In order to state a claim upon which relief can be granted, a plaintiff must establish standing. This is a fundamental principle underlying the constitutional limitation of the courts to only address actual cases or controversies. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). To establish standing, Plaintiff "must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1997).

Of particular concern in the present case is whether Plaintiff has experienced a "concrete" injury. That is, does the printing of the expiration date of the credit card, which violates the statute, in and of itself, create a concrete harm? Courts around the country have split on this issue. *Compare e.g., Meyers v. Nicolet Restaurant of De Pere, LLC*, 843 F.3d 724 (7th Cir. 2016), *with Deschaaf v. American Velet & Limousine Inc., et al.*, No. 16-CV-3464-PHX-GMS (D. Ariz. Feb. 15, 2017).

In *Spokeo*, the Supreme Court stated in dicta that a concrete harm need not be tangible. 136 S.Ct. at 1549. For example, the increased risk of damage can be a concrete harm. *Id.* However, *Spokeo* held that just because a statute has been violated, does not mean a plaintiff/petitioner has satisfied their burden for purposes of standing. *Id.* at 1548. That is to say, Congress cannot create standing simply by creating a cause of action. *Id.* The Constitution requires the plaintiff to plead a concrete harm.

2

## B. Application

In this case, Plaintiff has not alleged any injury beyond the violation of the statute. There has not been any allegation of a concrete harm. As such, this Court agrees with the Seventh Circuit Court of Appeals and the other courts that have found that a violation of FACTA, in and of itself, does not establish standing. While Congress has the constitutional responsibility to create causes of action, that ability should not be conflated with the ability to create standing. This is true even when Congress passes a statute with intent to address a possible harm experienced by the public—*i.e.,* theft of credit card information. The necessity for a concrete injury is paramount for a proper observation of the separation of powers. As such, Plaintiff's allegations fail to establish standing.

## III. Conclusion

Accordingly, Defendant's Motion for Summary Judgment is GRANTED. This case is DISMISSED.

It is so ORDERED.

MAY 2 2 2017
Date

The Honorable Alfred H. Bennett
United States District Judge